# In the Matter of Leech's Estate.

Where a husband sold his store to his wife, who afterwards sold it to another, receiving a negotiable note therefor, which the administrators of her husband did not include in their account, and which she gave in part payment to a creditor of his and of her own, who stipulated that his claim was to be paid *pro rata* out of future funds, the auditors cannot add the amount of the note to the account; it must be deducted from the claim of the creditor who received it, and the balance of his claim be paid *pro rata*.

APPEAL from the decree of the Orphans' Court of *Allegheny county.*

Andrew Leech owned a store which was conducted by his wife. On the 8th April, 1852, he sold it to her, and she in the month of July following sold it for $2200, taking negotiable notes in payment.   Leech died in August, 1852.   James Donaldson and Joseph Leech became his administrators, sold his real estate, and filed their account, which was confirmed absolutely, showing a balance of $2564.61 for distribution.   Auditors were appointed to distribute this fund.   Before them, it appeared that the intestate owed a number of debts for goods purchased at the time of the sale of the store to his wife.   Other claims were presented for goods purchased by Mrs. Leech after the sale to her.   On the 8th April, 1852, Leech gave a judgment to J. Donaldson in trust for the payment of the debts of the store then existing.   Mrs. Leech appropriated all the negotiable notes except one for $366.12 in paying some accounts.   Foreign attachments were issued against her by J. D. Smith & Co. *et al.*, and the note for $366.12 was handed over by her agent to their attorney, who gave a receipt for it as follows :—

[Leech's Estate.]

Received, a note $366.12, on account of claims of Smith & Co. assignors : T. White, Rosenheim & Co., claims held by me against Mrs. Anne Leech and Mr. A. Leech's estate.   Received of Mr. Donaldson.                          J. KNOX, Attorney, &c.

February 15, 1854.

The costs of the attachments are to be paid out of the note, but Donaldson is to pay them back if any funds of Mrs. Leech hereafter come to his hands, and the claims are to be paid out of future funds, *pro rata*.                          J. K.

The auditors added this $366.12 to the amount appearing in the hands of the administrators by their account, and deducted said sum from the *pro rata* share allowed to the three creditors above.

To this Smith & Co. *et al.* filed their exception, which was overruled, and the report of the auditors confirmed.   This was the error assigned.

*Knox*, for appellants.

*Sweitzer*, for appellees.

The opinion of the court was delivered by

KNOX, J.—It is possible that the notes received by Mrs. Leech, through the sale of the goods to the Messrs. Wilson, were the property of Andrew Leech in his lifetime, and of his administrators upon his decease.   But they were never claimed by either. Mrs. Leech exercised the exclusive control over them, and parted with them to such creditors of her own or her husband as she chose.   The note which forms the subject of this dispute was received by the attorney of the appellants from the agent of Mrs. Leech, under the express stipulation in the receipt that the claims in his hands were to be paid out of future funds *pro rata*.   He did not receive the note as a part of the dividend, to which he was or would be entitled out of the assets of the estate of Andrew Leech, but as payment in part of the demand which he held against Mrs. Leech and her deceased husband's estate.

The administrators never claimed that this was a part of the assets of Andrew Leech's estate.   On the contrary, they filed their account without referring in any manner to the note, and when the auditors were appointed to distribute the balance, they had no authority to go behind the confirmation of the administration account, and to treat a payment made to some of the creditors by Mrs. Leech upon the general footing of their claims as payment of their part of the dividend due from the estate of Andrew Leech.

[Leech's Estate.]

And more clearly is this so, where the payment consisted of a chose in action, which was received under the express agreement that the balance due on the claims were to be paid *pro rata*.

The decree of the Orphans' Court of Allegheny county, in confirming the auditor's report, so far as that report charges the administrators of Andrew Leech's estate, and the appellants with the note received by Mr. Knox, the attorney of the appellants, from Mr. Donaldson, is reversed. And the report is referred to the auditors with directions to distribute the amount shown to be in the hands of the administrators by their account *pro rata* among the creditors. The appellants in this case to receive their *pro rata* share out of the moneys in the hands of the administrators upon the balance now due on their claims; and it is further ordered that the costs of this appeal shall be paid by the appellees.